■ Vincent Zuccarelli et al., Respondents, v Philip H. Jaffee Associates et al., Appellants.—Orders and judgments (one paper each) of the Supreme Court, New York County (Diane Lebedeff, J.), entered June 20, 1991 and July 3, 1991 respectively, which denied the defendants' motion for summary judgment dismissing the complaint and *sua sponte* granted summary judgment in favor of the plaintiffs, declaring that the percentage interest of the limited partners of Grandway Associates for profits and losses is 5.33% per $100,000 of investment in accordance with the amended and restated certificate of limited partnership dated January 1983, unanimously modified, on the law, to vacate the award of summary judgment to the plaintiffs, and otherwise affirmed, without costs.

Grandway Associates is a limited partnership which was organized on May 22, 1980 to acquire, and subsequently convert to cooperative ownership, the limited partnership's sole asset, an apartment building in Queens. A written partnership agreement was executed on May 22, 1980 and a certificate of limited partnership was filed the next day. In anticipation of admitting investors as limited partners, the partnership agreement was amended and restated on June 30, 1980, effective June 2, 1980 ("the amended agreement"). The certificate of limited partnership was thereafter amended more than two years later, on January 18, 1983 ("the amended certificate"). Prior to the 1983 amendment, the plaintiffs and others subscribed for and were admitted as limited partners.

After the building was sold in 1985, the plaintiffs instituted this action for, *inter alia,* an accounting. However, after discovery, the parties agreed by stipulation to narrow the

issue to a determination of the percentage of ownership of the parties in the limited partnership and the cash distribution to which each plaintiff was entitled. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied their motion and *sua sponte* awarded the plaintiffs summary judgment declaring the percentage interest of the limited partners of Grandway Associates for profits and losses to be 5.33% per $100,000 of investment in accordance with the amended and restated certificate of limited partnership dated January 1983.

We modify the orders and judgments appealed from to vacate the award of summary judgment since we believe a full trial is necessary to resolve the issues herein. The defendants contend that pursuant to the amended partnership agreement, the plaintiffs are only entitled to proceeds distributed at 2.22% per $100,000 of investment, representing "residual proceeds." The amended agreement divides a partner's interest in the limited partnership into three elements, "profits and losses" which pertain to taxable gains and losses, "cash receipts" pertaining to the distribution of certain cash revenues, and "residual proceeds", the distribution of proceeds from a cooperative conversion and from the liquidation of partnership assets following a dissolution of the partnership.

However, the plaintiffs maintain that they have an ownership interest in profits and losses of 5.33% for each $100,000 invested. The amended certificate provides for limited partners to receive a percentage of the profits of the partnership according to their partnership interest and lists the names of the partners with their partnership interest. This partnership interest is stated as 5.33% per capital contribution of $100,000. The subscription agreements also contain the words "LIMITED PARTNERSHIP INTEREST" with a percentage filled in which corresponds to the 5.33% allocation.

In some of the agreements, the percentage is prefaced by the initials "P.L." which the defendants contend refer to the "Profits and Losses" tax allocation, as defined in the earlier amended agreement. While the defendants contend that the plaintiffs agreed to be bound by the terms of the amended agreement, the plaintiffs allege that they never received a copy of the amended agreement.

In light of the ambiguities created by the different language employed in the various documents and the plaintiffs' contention that they were not provided with the amended agreement, the drastic remedy of summary judgment should have

been denied to all parties. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.